## WINGATE v. PARKER.

(Filed November 15, 1904).

TAXATION—*Municipal Corporations—Const. N. C., Art. V, sec. 1; Art. VII, secs. 7, 9, 13, 14; Art. VIII, sec. 4—Acts (Private) 1901, ch. 109—Acts (Private) 1903, ch. 258.*

The provision in the state constitution requiring a proportional poll and property tax does not apply to municipal corporations.

ACTION by J. P. Wingate against D. L. Parker, heard by *Judge C. M. Cooke,* at Statesville, N. C., August 16, 1904. From a judgment for the defendant the plaintiff appealed.

*John L. Randleman* and *T. C. Linn,* for the plaintiff.
*John S. Henderson* and *P. S. Carlton,* for the defendant.

CLARK, C. J. The town of Spencer is authorized by its charter to levy an *ad valorem* tax on all real and personal property not exceeding one dollar on every one hundred dollars worth of property, and a per capita tax not exceeding fifty cents on all persons liable to poll tax residing in the town. Acts (Private) 1901, chap. 109, sec. 18, as amended by Acts (Private) 1903, chap. 258, sec. 5. For the year 1903 the town levied a tax of fifty cents on each poll and fifty cents on each one hundred dollars worth of property.

This is an action to restrain the collection of such tax upon the ground that it is illegal and void because it does not observe the equation between the tax on property and polls required by Article V, sec. 1, of the State Constitution. Each article of the Constitution has its special scope. Article V concerns only State and county revenue and taxation. Section 1 of that article provides: "The General Assembly shall levy a capitation tax on every male inhabitant of the State over twenty-one and under fifty years of age, which shall be equal on each to the tax on property valued at three hundred dollars in cash. The commissioners of the several counties may exempt from capitation tax in special cases on account of poverty and infirmity, and the State and county capitation tax combined shall never exceed two dollars on the head."

It is clear that this section applies solely to State and county taxation. It requires (1) that the General Assembly shall levy a capitation tax on every male between twenty-one and fifty years of age; (2) that it shall be equal to the tax laid on three hundred dollars of property at cash valuation; (3) that the county commissioners may exempt from capitation tax in special cases, on account of poverty and infirmity, and (4) that the State and county capitation tax shall never exceed two dollars on the head. If this section embraces municipal taxation, such taxation could very rarely be levied at all, for in most if not all the counties this limit has been reached.

The provisions as to municipal taxation are to be found only in Article VII, secs. 7, 9 and 13, while section 14 of said article exempts from the power conferred upon the General Assembly to repeal all the other sections of that article; and in Article VIII, sec. 4, which specially makes it "the duty of the Legislature to provide for the organization of cities, towns and incorporated villages, and to restrict their

power of taxation, assessment, borrowing money, contracting debts, and loaning their credit, so as to prevent abuses in assessments and in contracting debts by such municipal corporations." So that, exclusive of the provisions of sections 7, 9 and 13 of Article VII (which have no application in this controversy), the only restriction upon municipal taxation is such as the Legislature may see fit to prescribe, and the town of Spencer has not exceeded the limitations and powers as to taxation set out in its charter.

In *Jones v. Comrs.,* 107 N. C., 248, *Merrimon, C. J.,* for a unanimous Court holds that the equation prescribed by Article V, sec. 1, does not apply to municipal corporations. On page 258 he says: "But it is settled by many decisions of this Court that it (Art. V, sec. 1) does not establish an exclusive system or scheme of taxation applicable and to be observed in all cases and for all purposes; that on the contrary it applies only to the revenue and taxation necessary for the ordinary purposes of the State and the several counties thereof. * * * The article does not provide or declare that the equation so established shall be of universal and exclusive application; it expressly mentions only the State and counties in connection with the subjects of revenue and taxation, and does not mention cities, towns and other municipal corporations, or make any reference thereto or provide for or as to them. * * * And it is singular that it fails to make some reference to municipal corporations in such respect if it was intended to embrace them. That it does not so intend, is more manifest in that they are expressly provided for in such respects in another distinct article of the Constitution. * * * Article VII of the Constitution is entitled 'Municipal Corporations' and is exclusively devoted to that subject." This article, in section 9, provides that "All taxes levied by any city or town must be uniform and *ad valorem* upon all property in the same,"

and nowhere is there any provision requiring the equation of taxation between property and polls to be observed. And in concluding the opinion he further says, on page 263: "We are therefore of opinion that the equation and limitation of taxation established by the Constitution (Art. V. sec. 1) applies only to taxes levied for the ordinary purposes of the State and counties." And again, at bottom of page 264: "We know that it has been said, *obiter,* in several cases that the equation and limitation of taxation referred to above must be observed in levying taxes for municipal purposes, but it has not been so decided, certainly not expressly decided; nor can it be, in our judgment, without defeating the true intent reasonably appearing."

This is the last expression of the Court upon the subject. Nothing can be found to the contrary except in *obiter dicta,* previously, which are expressly overruled by that case, and we think properly so. In some instances the charter prescribes a similar equation and then it must be observed, not as a constitutional requirement but by virtue of the legislative restriction.

In dissolving the restraining order there was

No Error.